[No. 13724.  Department Two.  July 16, 1917.]

BURBANK COMPANY, *Appellant*, v. DELL ROBLEE, *Respondent*.[1]

ELECTION OF REMEDIES—INCONSISTENT REMEDIES—APPLICATION OF RULE. In an action upon a note for the purchase price of land, defended upon the ground of fraudulent representations inducing the purchase, the defendant cannot be required to make an election between rescission of the contract, prayed for in his first answer and cross-complaint, and damages for the fraud, where, by a subsequent answer and cross-complaint he alleged that the contract had been rescinded and annulled by plaintiff for breach of condition subsequent; since the first answer prayed for something that had already happened and he had no election.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered May 9, 1916, upon the verdict of a jury rendered in favor of the defendant, in an action on contract. Affirmed.

*A. J. Elrod* and *Gerard Ryzek*, for appellant.

*Chas. W. Johnson*, for respondent.

[1]Reported in 166 Pac. 663.

HOLCOMB, J.—The issues and questions involved in this case are almost identical with those in *Eyers v. Burbank Co., ante* p. 220, 166 Pac. 656. In this case appellant brought an action against respondent on a $900 note, dated January 4, 1915, in which respondent answered and set up a cross-complaint and alleged that the note was given for a deferred payment on the purchase price of thirty acres of land contracted to be purchased by respondent from appellant at the agreed price of $300 per acre, and upon which $900 note a payment of $100 had been made at or before the time of signing the contract, and alleged representations in substance the same as those made and discussed in the *Eyers* case, his reliance and acting upon them, and that the representations so made and relied upon were false and known by appellant to be so, or not known to be true, and that he did not know and had no means of knowing their falsity. In his first answer and cross-complaint, among other things, he demanded damages itemized as in the *Eyers* case, and also that he be granted a decree cancelling and holding for naught the agreement of purchase and the notes therein referred to, and such other relief as might be just and proper.

Afterwards respondent filed an amended answer and cross-complaint, setting up substantially the same representations of fraud and deceit and items of damage, and omitting any demand for the cancellation of the contract and purchase money notes, and alleging therein as follows:

"That subsequent to the execution of said contract and at the time when the defendant was able to determine the falsity of such statements, to wit, in the growing season of 1915, the plaintiff having secured many benefits and improvements from the defendant cancelled the contract hereinbefore referred to for failure to pay maintenance fee, and ordered the defendant off the premises."

This amended answer and cross-complaint was attacked by motion to strike certain portions thereof and to require defendant to elect whether he proceeded as for a rescission of the contract or for damages, to separately plead every cause

of action and separate damage, and to set out a written copy of the agreement to purchase the land referred to; and a motion to strike all the items of damage, together with other motions.   The court struck portions of the cross-complaint in substance the same as were stricken from the complaint in the *Eyers* case, and refused to strike certain portions thereof the same as the complaint in the *Eyers* case, refused to strike the items of damage alleged, refused to require defendant to elect, and refused to require him to file a complete copy of the written contract referred to.

Thereupon a second amended answer and cross-complaint was filed in compliance with the court's order, and to this plaintiff demurred, demurring separately to the fourth paragraph thereof and to each and every separate allegation of damage therein alleged for the reason that the same does not state facts sufficient to constitute a cause of action, and also demurred to the amended answer and cross-complaint as a whole for the reason that the same does not state facts sufficient to constitute a cause of action.   The question of the sufficiency of the answer and cross-complaint was determined in effect in determining the sufficiency of the complaint in the *Eyers* case.

As to the election of remedies appellant strenuously insists that, when respondent filed his first answer and cross-complaint, he made his election for a rescission of the contract, which must be construed as final.   But the subsequent answer and cross-complaint shows that the contract had theretofore, for an alleged breach of conditions subsequent, been annulled and rescinded by appellant.   The amended pleading merely alleged the facts as they were.   As was said in the opinion in the *Eyers* case, in such a situation the vendee had no election. The contract was already at an end.   When, in his first answer and cross-complaint, he prayed for its rescission, he prayed for something that had already happened.   He prayed for something that was unnecessary.   As a vendee he had but one remedy available.   His subsequent answers and

cross-complaints alleged the facts as to the prior determination of the contract by appellant itself. And the well settled principle of law insisted upon by appellant, therefore, as quoted from the case of *Gaffney v. Megrath,* 23 Wash. 476, 63 Pac. 520, that, where there exists an election between inconsistent remedies, a party is confined to the remedy which he first adopts, cannot apply here for the very obvious reason that there did not exist an election between inconsistent remedies.

All other questions are settled and determined by the decision in the *Eyers* case, to which for their discussion reference is hereby made.

We find no error sufficient to justify a reversal. Judgment affirmed.

ELLIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.